In the Matter of Frank R. Cally, an Attorney, Respondent.

In the Matter of George Ronald Cally, an Attorney, Respondent.

Association of the Bar of the City of New York, Petitioner.

First Department, November 25, 1958.

*George G. Hunter, Jr.,* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*James J. Cally* for respondents.

*Per Curiam.* Respondent Frank Cally was retained to represent two infants, Panebianco and Acca, with reference to their personal injury claims arising out of an automobile accident. He negotiated settlements in their behalf in the amounts of $250 and $125, respectively. Releases were purportedly executed by

both clients. However, it appears that Acca never signed the release (which recited that he was over 21 years of age); and that, in fact, Frank Cally had signed it in his behalf. Respondent George Cally, a brother and office associate of Frank Cally, took the acknowledgment of the instrument as a notary public. His statement recites that Acca had appeared before him personally. It is undisputed that Frank Cally had never filed a statement of retainer or applied for an order of compromise. Panebianco's share was paid over promptly. Acca's share, although held in a special account, was not paid until after Acca had heard from the insurance company.

Originally, in answer to charges before the Committee on Grievances, both of the respondents denied all of the charges brought against them and affirmatively stated that Acca had personally signed the release. These statements were later withdrawn and were admittedly false.

It is clear that respondents' conduct was loose and unprofessional. There is no excuse for the failure to file a statement of retainer. However, there is some support in the record for Frank Cally's assertion that he thought Acca had authorized him to sign the release — improper as that action was. It would also appear that there was some substance to George Cally's explanation that he thought Acca was in another room in the office when he took the acknowledgment of the release — also an improper act; and that respondents thought their clients, who were 20 years of age, were over 21. In respondents' favor is also the very evident fact that there was no intent to defraud or otherwise harm either of the clients. Offsetting respondents' earlier false statements to the Grievance Committee is their complete retraction of those statements, followed by full disclosure.

Accordingly, the respondent George Ronald Cally should be censured and respondent Frank R. Cally should be suspended for a period of three months.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and BASTOW, JJ., concur.

Respondent [Frank R. Cally] suspended for a period of three months.

Respondent [George Ronald Cally] censured.